[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
With the pleadings closed, the defendant Carmen F. Davis filed a motion on April 26, 1990 seeking summary judgment on counts one and three of plaintiff Clarice Karjohn's complaint. The plaintiff withdrew count three of her complaint on June 18, 1990.
Count one of the plaintiff's complaint alleges that "the defendant was the manager, chairman, owner, and/or operator . . . [of a] corporation or club operated as a pyramid scheme . . . ." Count one further alleges that the defendant has failed to return to the plaintiff upon demand a $12,000 payment made by the plaintiff on or before May 1988 to participate in the pyramid scheme. CT Page 669
The defendant argues that because a pyramid scheme is a type of gaming prohibited by Connecticut General Statutes 42-145, Connecticut General Statutes 52-554, which provides for recovery of money lost in gaming, applies to the plaintiff's claim.
Connecticut General Statutes 52-554 states in pertinent part,
 Any person who, by playing in any game . . . loses the sum or value of one dollar in the whole and pays or delivers the same or any part thereof, may, within three months next following, recover from the winner the money or value of the goods so lost and paid or delivered . . . .
Connecticut General Statutes 52-554 (emphasis added)
The defendant argues that because the plaintiff alleges that she gave the defendant a sum of money before May 1988 and did not commence this action until February 10, 1989, section52-554 bars plaintiff's recovery. The defendant further argues that summary judgment should be granted "as there is no genuine issue of fact in that this action was commenced more than three months after the date this alleged incident took place . . . ."
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277, 279
(1990).
The plaintiff's complaint alleges only that she gave the defendant a sum of money on or before May 1988; a genuine issue of material fact remains as to when the actual loss occurred. Accordingly, the defendant's motion for summary judgment is denied.
HENNESSEY, J.